**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

JERMY HARDIN,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES,
LLC,

        Defendants.

Case No. CIV-25-1374-HE

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Defendant consumer reporting agency, Equifax Information Services, LLC ("Equifax"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court for an order dismissing Plaintiff's Complaint and submits the following Brief in Support (the "Motion").

**I.      INTRODUCTION**

Plaintiff filed his Complaint on November 18, 2025, alleging that Equifax violated the Fair Credit Reporting Act ("FCRA"). *See generally*, Compl. (ECF No. 1). Specifically, Plaintiff claims that on or about October 9, 2025, he requested a copy of his consumer credit disclosure, and that Equifax provided him with an electronic copy of his Consumer Disclosure which "omitted the full Account Numbers, Missing Account Information and Payment History" relating to One Main, Jefferson Capital LLC, Capital One Bank USA NA, Defense Finance & Acctg SVC, (6) Dept of Ed, Army Airforce Exchange, (3) LVNV Funding LLC, Citicards CBNA, (2) Oklahoma Student Loan Auth, SST/Pioneer and Omni

Credit Company Ltd trade lines." Compl. ¶¶ 9-12. Plaintiff further complains that his credit file is "missing information," which included several data fields, including "Full Account Number, Date of Last Activity, Actual Payment Amount, Date Major Delinquency 1st Reported, Charge Off Amount, Date Closed, Activity, Deferred Payment Start Date, Balloon Payment Amount, Balloon Payment Date, Missing Payment History, within the 24 Month History section the missing information is Scheduled Payment Amount, Actual Payment Amount, Past Due, Credit Limit." *Id.* at ¶ 32. For Equifax's alleged omissions, Plaintiff purports to bring claims under 15 U.S.C. § 1681g(a)(1). *Id.* at ¶ 60. Because Plaintiff's claims are not actionable under § 1681g, Equifax moves to dismiss his Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts, which if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although pro se pleadings are to be construed liberally, pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not

required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complainant . . . has not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the complaint as true and draw all inferences in the plaintiff's favor. While all material allegations must be taken as true, the court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Indeed, to survive a motion to dismiss, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. That is, "a plaintiff must nudge his claims across the finish line from conceivable to plausible in order to survive a motion to dismiss." *Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### III.        ARGUMENT AND AUTHORITIES

#### A.  Because Plaintiff's claims do not involve information bearing on his "creditworthiness," they are not actionable under 15 U.S.C. § 1681g.

A credit "file" for purposes of § 1681g means "information included **in a consumer report**," and does not include every piece of information that a consumer reporting agency has on a consumer. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007) (emphasis supplied); *Wimberly v. Experian Info. Sols., Inc.*, 2019 U.S. Dist. LEXIS 218104, at *24 (S.D.N.Y. Dec. 17, 2019) (discussing the expansive and narrow definitions of "file" and expanding *Gillespie*, holding that internal record relating to a CRA's processing of information are not a part of the "file"); *see also Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 761 (9th Cir. 2018). The FCRA defines the term "consumer report" to mean "any written, oral, or other communication of any information by a consumer reporting agency **bearing on a consumer's credit worthiness**…which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit." 15 U.S.C. § 1681a(d)(1)(A)) (emphasis supplied).

Information that does not bear on a consumer's creditworthiness is not actionable under the FCRA. *See e.g.*, *Heagerty v. Equifax Info. Servs. LLC*, 447 F. Supp. 3d 1328, 1339 (N.D. Ga. 2020) (holding that data bearing on a consumer's creditworthiness constituted a "consumer report" under the FCRA); *Perez v. Experian*, No. 20-CV-9119 (PAE) (JLC), 2021 U.S. Dist. LEXIS 198281, 2021 WL 4784280, at *9 (S.D.N.Y. Oct. 14, 2021), *report and recommendation adopted,* 2021 U.S. Dist. LEXIS 211987, 2021 WL

4

5088036 (S.D.N.Y. Nov. 2, 2021) ("[Plaintiff's] allegations regarding his address changes and gender do not state a claim for inaccurate information under the FCRA as a matter of law."); *see Ali v. Vikar Management, Ltd*., 994 F. Supp. 492, 497 (S.D.N.Y. 1998) ("[N]o restriction is put on the use of information that is not a 'consumer report' … Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1)."); *Williams-Steele v. Trans Union,* No. 12-CV-0310 (GBD) (JCF), 2015 U.S. Dist. LEXIS 16678, 2015 WL 576714, at *2 (S.D.N.Y. Feb. 10, 2015), *aff'd sub nom. Williams-Steele v. TransUnion,* 642 F. App'x 72 (2d Cir. 2016) ("the correct reporting of Plaintiff's telephone number and additional address has no bearing on Plaintiff's credit worthiness or eligibility for credit, and therefore the alleged inaccuracies are not actionable"); *see also Cortez v. Trans Union*, 617 F.3d 688, 711-12 (3d Cir. 2010) (analyzing *Gillespie* and noting that actionable information must be more than purely internal or record-keeping).[1] At least one district court in the Eleventh Circuit has specifically found this applies to redacting account numbers. *Walker v. Equifax Info. Sols., LLC*, No. 1:21-CV-01045-ELR, 2024 U.S. Dist. LEXIS 210523, at *16 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information … regarding the

---

[1] *See also, e.g., Neclerio v. Trans Union, LLC*, 983 F. Supp. 2d 199, 219 (D. Conn. 2013); *Danehy v. Experian Info. Sols., Inc*., No. 5:18-CV-17-FL, 2018 U.S. Dist. LEXIS 165165, at *7 (E.D.N.C. Sep. 26, 2018); *Watkins v. Experian Info., Sols., Inc*., No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *24 (W.D. Tex. Sep. 8, 2014); *Tailford v. Experian Info. Sols., Inc*., No. SACV 19-02191JVS(KESx), 2020 U.S. Dist. LEXIS 84658, at *13 (C.D. Cal. May 12, 2020); *Steinmetz v. Am. Honda Fin*., No. 2:19-CV-64 JCM (VCF), 2019 U.S. Dist. LEXIS 157379, at *18 (D. Nev. Sep. 16, 2019).

disputed accounts … because the account numbers on his credit report simply were not listed in full"). Further, one district court has found that in some situations scrambling or truncating a consumer's account number is reasonable as a matter of law. *Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 U.S. Dist. LEXIS 51531, at *61 (D. Kan. Feb. 3, 2005).

In the instant case, Plaintiff only takes issue with Equifax's alleged failure to provide him "all of the information in his file at the time of his request."  Compl. ¶ 60. However, "completeness of data" (e.g., payment history, date of last activity, etc.) in a consumer's credit file does not bear on a consumer's creditworthiness. Thus, even if Plaintiff's factual allegations are true, Plaintiff has not stated an actionable claim under 15 U.S.C. § 1681g upon which relief can be granted. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

Dated: December 10, 2025

Respectfully submitted,

HALL ESTILL

By: */s/ Littleton T. Ellett*

Arthur F. Hoge, III, OBA No. 4275
ahoge@hallestill.com
Littleton T. Ellett, OBA No. 34644
tellett@hallestill.com
HALL ESTILL
100 North Broadway Ave.
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and served the same document by U.S. electronic mail and U.S. mail, postage pre-paid, to

Jermy Hardin
2916 Russell Rd
Chickasha, OK 73018
Email: jhardincp@gmail.com
*Pro se Plaintiff*

/s/ Littleton T. Ellett
Littleton T. Ellett

21446847.1:999999.09441

7