UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED

DEC 1 1 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

| | |
|---|---|
| JERMY HARDIN | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.** |
| | ) **CIV-25-1374-HE** |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS

Plaintiff Jeramy Hardin, proceeding pro se, respectfully submits this Opposition to Defendant Equifax Information Services LLC's ("Equifax") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6, the "Motion"). For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

Plaintiff's Complaint alleges that Equifax violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1), by failing to clearly and accurately disclose all information in Plaintiff's consumer file upon his request. Compl. ¶¶ 9-12, 32, 60. Specifically, Equifax provided an incomplete Consumer Disclosure that omitted full account numbers, missing account information, and payment history for multiple

tradelines, including those related to One Main, Jefferson Capital LLC, Capital One Bank USA NA, Defense Finance & Acctg SVC, (6) Dept of Ed, Army Airforce Exchange, (3) LVNV Funding LLC, Citicards CBNA, (2) Oklahoma Student Loan Auth, SST/Pioneer, and Omni Credit Company Ltd. Id. This omission prevented Plaintiff from fully understanding, identifying, and verifying the accounts in his credit file, causing frustration and emotional distress. Id. ¶¶ 23-24, 33.

Equifax's Motion argues that the omitted information does not bear on Plaintiff's creditworthiness and thus is not actionable under § 1681g(a)(1). Mot. at 4-6. However, this argument misconstrues the FCRA's requirements for consumer file disclosures, which mandate disclosure of all information in the file regardless of its direct impact on creditworthiness. Equifax confuses the definition of a "consumer file" under § 1681g(a)(1) with that of a "consumer report" under § 1681a(d). Moreover, Equifax improperly urges the Court to weigh evidence at this stage, which is prohibited under Rule 12(b)(6). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (trial courts may not weigh evidence or make credibility determinations on a motion to dismiss or summary judgment). Accepting Plaintiff's well-pleaded allegations as true, the Complaint states a plausible claim for relief. The Motion should be denied.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests whether the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal is appropriate only if the complaint lacks sufficient factual matter to state a plausible claim, not merely a conceivable one. Iqbal, 556 U.S. at 678. A claim is plausible if the allegations allow the Court to infer more than the mere possibility of misconduct. Id. at 679.

Pro se pleadings are liberally construed and held to less stringent standards than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The Court disregards conclusory statements but focuses on whether the factual allegations plausibly suggest liability. Khalik v. United Air Lines, 671 F.3d 1188, 1190 (10th Cir. 2012). The plaintiff need only provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to nudge the claims from conceivable to plausible. Iqbal, 556 U.S. at 678; Hodgson v. Farmington City, 675 F. App'x 838, 840 (10th Cir. 2017).

## III. ARGUMENT

**A. The Complaint States a Plausible Claim Under § 1681g(a)(1) Because the FCRA Requires Disclosure of All Information in the Consumer's File, Including the Omitted Data.**

Section 1681g(a)(1) requires consumer reporting agencies like Equifax to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1) (emphasis added). The FCRA broadly defines "file" as "all of the information on [the] consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g); Kelly v. RealPage Inc., 47 F.4th 202, 206 (3d Cir. 2022) (emphasizing the broad definition of "file" and the obligation to disclose all information, including sources, to address consumers' lack of access and difficulty correcting inaccuracies). This includes information that "might be furnished, or has been furnished, in a consumer report on that consumer." Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 759 (9th Cir. 2018) (quoting Cortez v. Trans Union, LLC, 617 F.3d 688, 711-12 (3d Cir. 2010)); see also Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007) (reaffirming the requirement to disclose all information for transparency).

Plaintiff alleges that Equifax omitted full account numbers, dates of last activity, actual payment amounts, dates of major delinquency first reported, charge-off amounts, dates closed, activity, deferred payment start dates, balloon payment amounts, balloon payment dates, missing payment history, scheduled payment amounts, past due amounts, and credit limits for the specified tradelines. Compl. ¶¶ 9-12, 32. This information is part of Plaintiff's file, as it was recorded and retained

by Equifax and could be (or has been) furnished in consumer reports. See Jones v. Equifax, Inc., No. 1:15-cv-1231, 2015 WL 5092514, at *3 (E.D. Va. Aug. 27, 2015) (requiring disclosure of all information that might be or has been furnished in a consumer report); Holmes v. TeleCheck Int'l, Inc., 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008) (requiring complete disclosure of all transactions in the file). By omitting this data, Equifax failed to provide a clear and accurate disclosure, violating § 1681g(a)(1).

Equifax's argument that the omitted information must "bear on creditworthiness" to be actionable conflates the requirements for a "consumer report" under § 1681a(d) which focuses on information bearing on creditworthiness with the broader "file" disclosure under § 1681g(a)(1). Mot. at 4-6. This case concerns only the latter: Equifax's failure to disclose all file information upon request. See Kelly, 47 F.4th at 206 (distinguishing the broad "file" from narrower concepts); Shaw, 891 F.3d at 759 (file includes all retained information that might be furnished in reports, not limited to creditworthiness data). Equifax's reliance on a narrower interpretation is misplaced, as courts have rejected similar arguments at the dismissal stage. See Wilson v. Equifax Info. Servs., LLC, No. 2:19-cv-02368, 2020 WL 2771184, at *7 (D. Nev. May 27, 2020) (denying dismissal where plaintiff alleged omission of positive payment data from file disclosure); Hinkle v. Experian Info. Sols., Inc., No. 3:17-cv-00390, 2018 WL 4610656, at *3 (W.D.N.C. Sept. 5,

2018), report and recommendation adopted, 2018 WL 4600299 (W.D.N.C. Sept. 25, 2018) (pro se plaintiff adequately alleged failure to disclose full file where more information existed than was provided; not appropriate to resolve factual disputes on dismissal).

Moreover, the Federal Trade Commission ("FTC") has opined that consumer reporting agencies must accurately disclose complete account numbers unless the consumer specifically requests truncation for security reasons. See FTC Advisory Opinion to Denise A. Darcy (June 30, 2000), available at https://www.ftc.gov/legal-library/browse/advisory-opinions/advisory-opinion-darcy-06-30-00 (stating that § 1681g(a)(1) requires "clearly and accurately" disclosing all file information, including account numbers; routine truncation without consumer request violates the statute). Plaintiff did not request truncation; Equifax omitted the data unilaterally. Compl. ¶¶ 9-12. This supports Plaintiff's claim.

## B. Equifax Improperly Asks the Court to Weigh Evidence at the Pleadings Stage.

Equifax's Motion invites the Court to determine that the omitted information does not exist in Plaintiff's file or is not part of the "file" definition, but such factual disputes are improper on a Rule 12(b)(6) motion. See Anderson, 477 U.S. at 255 (courts may not weigh evidence or resolve factual issues on dismissal). Plaintiff alleges the information was in his file at the time of request, had been reported by

furnishers, and was omitted due to systemic flaws in Equifax's disclosure process. Compl. ¶¶ 20, 27-28, 34-40. These allegations must be accepted as true. Iqbal, 556 U.S. at 678. Similar motions have been denied in analogous cases. See, e.g., Stafford v. Trans Union, LLC, No. 4:25-cv-00921-JDK, ECF No. 25 (E.D. Tex. Nov. 17, 2025) (recommending denial of Equifax's motion to dismiss § 1681g(a)(1) claim for omissions of account numbers and payment history, rejecting narrow "file" definition); Maude v. Equifax Info. Servs. LLC, No. 0:25-cv-61421-AOV, ECF No. 17 (S.D. Fla. Nov. 18, 2025) (denying motion where pro se plaintiff alleged omissions rendered report unclear and inaccurate).

## C. Plaintiff Has Standing and Alleges Willful or Negligent Violations.

Plaintiff has standing, as he alleges concrete injuries: frustration, emotional distress, and inability to verify his credit file. Compl. ¶¶ 23-24, 33; see Stafford, ECF No. 25 at 3 (similar allegations confer standing). The FCRA provides private causes of action for willful violations (warranting statutory and punitive damages under § 1681n) or negligent ones (actual damages under § 1681o). Kelly, 47 F.4th at 206. Plaintiff alleges Equifax's omissions were willful due to known systemic issues affecting many consumers. Compl. ¶¶ 27-28, 34-40, 46-49. These suffice at this stage.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Equifax's Motion to Dismiss in its entirety.

Respectfully submitted,

Jermy Hardin
2916 Russell Rd
Chickasha, OK 73018
405-589-4180
jhardincp@gmail.com


Dated: December 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I served a copy of the foregoing document on counsel for Defendant via the Court's ECF system to:


Littleton T. Ellett
Hall Estill
100 North Broadway Ave., Suite 500
Oklahoma City, OK 73102

Jemry Hardin